JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| HONG HONG,<br><br>        Plaintiff,<br><br>v.<br><br>ALEJANDRO N. MAYORKAS et al.,<br><br>        Defendants. | Case No. 2:23-cv-01199-SB-MAR<br><br><br>ORDER OF DISMISSAL<br>WITHOUT PREJUDICE |

Plaintiff Hong Hong filed an I-589 application on April 22, 2015.  After waiting more than seven years without receiving a decision, she filed this mandamus action seeking to compel Defendants to adjudicate her application.  Dkt. No. 1.  On April 20, 2023, the parties filed a joint stipulation to stay the case until January 29, 2024, based on the parties' agreement that USCIS will interview Plaintiff on September 15, 2023.  Dkt. No. 10.

The parties request this stay in the interest of judicial economy, noting that Plaintiff will voluntarily dismiss this case upon receipt of the asylum decision.  In the Court's experience with numerous similar requests in recent mandamus actions challenging similar delays, the setting of an agreed interview date generally leads to the resolution of the parties' dispute without the need for further intervention by the Court.  However, staying cases requires the continued commitment of judicial resources to monitoring the cases and ensuring compliance with requirements to file status reports.  It also increases the burden on the parties to file status reports or seek dismissal of the stayed case upon resolution of the matter.

It appears that the more efficient approach is to dismiss this action without prejudice to either party moving to reopen nunc pro tunc in the event that further Court intervention becomes necessary.  The Court perceives no practical difference between this approach and the relief stipulated by the parties, apart from eliminating the need for future monitoring or action if the parties honor their

agreement, as the Court expects them to.  To further conserve judicial and party resources, the Court intends to adopt this approach unless any party objects.

Accordingly, it is ORDERED that this action is DISMISSED without prejudice to any party seeking to vacate this order and reopen the action nunc pro tunc in the event that Plaintiff is unable to receive a determination in the time contemplated by the parties.

Any party who objects to the dismissal of this action as ordered herein shall file a request to reopen the case no later than seven days after entry of this order. Failure to timely file a request to reopen the case will be deemed consent to dismissal as ordered.

IT IS SO ORDERED.


Date: April 21, 2023

_____
Stanley Blumenfeld, Jr.
United States District Judge